IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES E. HOERR, JR., #S10371, <br><br> Plaintiff, <br><br> v. <br><br> BIG MUDDY RIVER C.C. MEDICAL, WEXFORD HEALTH CARE, MORGENTHALER, DEBBIE ISSASE, and DR. LARSON, <br><br> Defendants. | Case No. 22-cv-00676-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Charles Hoerr, an inmate of the Illinois Department of Corrections who is currently incarcerated at Big Muddy River Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. Hoerr claims he has been denied treatment for kidney stones. He seeks a temporary restraining order, preliminary injunction, and monetary damages.

The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Hoerr states that in 2011 he was hospitalized for full renal failure caused by kidney stones blocking his urethra. (Doc. 1, p. 8, 11). Hoerr claims that in September 2021 he began experiencing similar pain. He saw a kidney specialist and was diagnosed with kidney stones. The specialist recommended surgery. Hoerr had a urinalysis in October 2021 and x-rays were taken. Again, it was recommended that Hoerr have surgery to "explode" the stones into smaller stones so that they would pass through the body. Hoerr did not receive the surgery and is still experiencing intense pain.

## DISCUSSION

The Court finds that the Complaint fails to state a claim. Hoerr names Big Muddy River C.C. Medical as a defendant and claims that the medical team at Big Muddy only cares about how much money that can save. (Doc. 1, p. 11). However, Big Muddy River C.C. Medical is not a "person" that can be sued pursuant to Section 1983. Any claims against Big Muddy River C.C. Medical are dismissed with prejudice.

Additionally, Hoerr fails to name any of the other listed Defendants in his Complaint. A plaintiff is required to associate specific defendants with specific claims so that the defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Because Hoerr has not asserted any allegations against Defendants Wexford Health Care, Morgenthaler, Issase, and Larson, the Court is unable to ascertain what claims, if any, Hoerr has against these Defendants. All claims against them are dismissed without prejudice.

Because Hoerr has failed to state a claim for relief, the Complaint does not survive

preliminary review under Section 1915A and is dismissed without prejudice. Hoerr will be given an opportunity to re-plead his claims in an amended complaint if he wishes to proceed with this case. When preparing a "First Amended Complaint," he should identify each defendant in the case caption and set forth sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights in the body of the amended complaint. The First Amended Complaint must stand on its own without reference to any prior version of the complaint and contain all claims against all the defendants in one complete document.

### REQUESTS FOR EMERGENCY INJUNCTION

Along with his Complaint, Hoerr submitted a Motion for Preliminary Injunction and requests a temporary restraining order ("TRO") in his Complaint. (Doc. 1, p. 12; Doc. 3). The purpose of an emergency injunction is to preserve the status quo until the merits of a case may be resolved. *Indiana Civ. Liberties Union v. O'Bannon*, 259 F.3d 766, 770 (7th Cir. 2001). A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997). A plaintiff must show four elements for an injunction, whether through a TRO or a preliminary injunction: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm without the injunction; (3) the harm he would suffer is greater than the harm that the preliminary injunction would inflict on the defendants; and (4) the injunction is in the public interest. *Id.*

Plaintiff requests that the Court order Defendants to arrange for him to be seen by a surgeon who is a specialist and for the implantation of medical care that would provide him with full use of his kidneys. (Doc. 3, p. 2). The Court has found that the Complaint, as currently drafted, fails to state a claim, which makes it impossible for Hoerr to prove that he is likely to succeed on the merits. Accordingly, Hoerr's requests for injunctive relief are denied.

**DISPOSITION**

For the reasons stated above, the Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. The Motion for Preliminary Injunction is **DENIED**. (Doc. 3). The request for a temporary restraining order is **DENIED.** (Doc. 1, p. 12).

Hoerr is **GRANTED** leave to file a "First Amended Complaint" on or before **May 6, 2022**. Should Hoerr fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(B); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Hoerr use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 22-cv-00676-SPM). To enable Hoerr to comply with this Order, the **CLERK** is **DIRECTED** to mail him a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Hoerr must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Hoerr is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Hoerr is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 8, 2022**

    *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**