IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES E. HOERR, JR., #S10371,<br><br>   Plaintiff,<br><br>v.<br><br>BIG MUDDY RIVER C.C. MEDICAL, *et al.*,<br><br>   Defendants. | Case No. 22-cv-00676-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Charles Hoerr filed this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights by staff at Big Muddy River Correctional Center. The Complaint did not survive screening under 28 U.S.C. § 1915A and was dismissed without prejudice. (Doc. 7). The Court granted Hoerr an opportunity to clarify his claims in an amended complaint. He was directed to file a First Amended Complaint on or before May 6, 2022. Additionally, Hoerr was warned that the action would be dismissed with prejudice and that the dismissal would count as a "strike" under 28 U.S.C. § 1915(g) if he failed to file an amended complaint by the deadline. (*Id.*).

Hoerr missed the deadline. Over three weeks have passed since it expired, and he has not requested an extension or filed an amended complaint. The Court will not allow this matter to linger indefinitely. Accordingly, this action is **DISMISSED with prejudice** for failure to comply with an order of the Court (Doc. 7) and for failure to prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal counts as one of Hoerr's three allotted "strikes" within the meaning of Section 1915(g).

Further, because Plaintiff failed to comply with the Order directing him to provide his trust fund account information (Doc. 6), his Motion for Leave to Proceed in forma pauperis (Doc. 2) is **DENIED**. Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $402.00 remains due and payable. 28 U.S.C. 1915(b)(1).

The agency having custody of Plaintiff is directed to remit the $402.00 filing fee from his prison trust fund account if such funds are available. If he does not have $402.00 in his account, the agency must send an initial payment of 20% of the current balance or the average balance during the past six months, whichever amount is higher. Thereafter, the agency shall begin forwarding monthly payments of 20% of the preceding month's income credited to Plaintiff's trust fund account (including all deposits to the inmate account from any source)  until the statutory fee of $402.00 is paid in its entirety. The agency having custody of Plaintiff shall forward payments from Plaintiff's account to the Clerk of Court each time the Plaintiff's account exceeds $10.00 until the $402.00 filing fee is paid. Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois. The Clerk is **DIRECTED** to mail a copy of this Order to the Trust Fund Officer at the Big Muddy River Correctional Center ***upon entry of this Order***.

If Hoerr wishes to appeal this order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Hoerr must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* FED. R. APP. P. 24(a)(1)(C). Moreover, if the appeal is found to be

nonmeritorious, Hoerr may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: June 1, 2022**

                                                     *s/Stephen P. McGlynn*
                                                    **STEPHEN P. MCGLYNN**
                                                    **United States District Judge**