IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES E. HOERR, JR.,
#S10371,

        Plaintiff,

v.

WEXFORD HEALTH CARE,
MORGENTHALER,
DEBBIE ISAACS, and
DR. LARSON,

        Defendants.

Case No. 22-cv-00676-SPM

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

    Plaintiff Charles Hoerr, an inmate of the Illinois Department of Corrections who is currently incarcerated at Big Muddy River Correctional Center, brought this case pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. The Court dismissed the Complaint pursuant to 28 U.S.C. §1915A because Hoerr had failed to state a claim upon which relief may be granted. (Doc. 7). He was granted 28 days to file an amended complaint and failed to do so by the deadline set by the Court. Therefore, the Court dismissed this case without prejudice and entered judgment. (Doc. 11, 12). A few days after the case was closed, Hoerr filed a motion for leave to file an amended complaint and a motion for requirement of counsel. (Doc. 13, 16).

    Although Hoerr does not explain or provide a reason for the why he missed the deadline, given that he filed his motion for leave to amend only days after the case was closed, the Court finds good cause to reopen the case and allow Hoerr an opportunity to replead his claims. Therefore, the Clerk of Court will be directed to reopen this case. The Court vacates the Dismissal and Judgements Orders (Doc. 11, 12) and grants the motion for leave to file an amended complaint

(Doc. 13). The Clerk of Court will be directed to file the proposed amended complaint on the docket. The First Amended Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A.[1]

## THE FIRST AMENDED COMPLAINT

Hoerr alleges that in 2011 he was hospitalized for full renal failure caused by kidney stones. In 2021, he began experiencing similar kidney symptoms and was seen by two different specialists in September and October of 2021. Both specialists informed Dr. Larson, who is in charge of the health care unit at Big Muddy, that Hoerr needs surgery to remove the kidney stones. Hoerr has not received the surgery recommended by the specialists, and he continues to suffer from pain.

## DISCUSSION

Based on the allegations of the First Amended Complaint, the Court finds it convenient to designate the following count:

> **Count 1:** Eighth Amendment claim against Wexford Health Care, Morgenthaler, Isaacs, and Larson for denying and/or delaying medical treatment for Hoerr's kidney condition

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[2] pleading standard.**

Prison officials and medical staff violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea,* 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must

---

[1] Pursuant to Section 1915A, any portion of the First Amended Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

[2] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

plead facts and allegations suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted or failed to act with deliberate indifference to the risk of harm from that condition. *Id.; see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Medical negligence or even malpractice does not violate the Constitution. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008); *Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001).

At this stage, Hoerr has sufficiently stated a claim against Dr. Larson and Debbie Isaacs, the health care unit administrator, for deliberate indifference. He asserts that both Defendants are aware of his condition, ongoing pain, and the recommended surgery, but have failed to act to provide him effective treatment. Thus, Count 1 will proceed against Dr. Larson and Issacs.

Count 1, however, will be dismissed against Warden Morgenthaler and Wexford. Hoerr claims that Morgenthaler violated his Eighth Amendment rights by not promptly processing his emergency grievance regarding not receiving surgery and "holding onto the grievance for (4) months after the grievance was deemed an Emergency." While an official may be subject to liability if he or she "knows about unconstitutional conduct and facilitates, approves, condones, or 'turn[s] a blind eye' to it," *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015) (citing *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir. 1996)), the denial or mishandling of a grievance—standing alone—is not enough to violate the United States Constitution. *See, e.g., Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017). Here, Hoerr's complaint against Morganthaler is simply that he mishandled the grievance, which does not sufficiently plead deliberate indifference.

As for Wexford, to state a viable claim, a plaintiff must plead "that a constitutional deprivation occurred as the result of an express policy or custom of the government unit." *Jackson*

*v. Ill. Medi-Car, Inc.,* 300 F.3d 760, 766 (7th Cir. 2002). Hoerr's claim that Wexford has violated his Eighth Amendment rights by "not getting [him] the surgery" that the specialists stated he needed is insufficient. Accordingly, Count 1 is dismissed as to Morgenthaler and Wexford.

### MOTION FOR RECRUITMENT OF COUNSEL

Hoerr has filed a Motion for Recruitment of Counsel (Doc. 16), which is **GRANTED.** *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Hoerr has demonstrated reasonable, but unsuccessful, efforts to find counsel on his own before seeking assistance from the Court. His limited education and ongoing medical issues prevent him from litigating this matter pro se. Additionally, the Court presumes that the case will involve complex medical evidence, terms, and concepts, and Hoerr will most likely need expert testimony in order to prove Defendants departed from accepted professional judgment in failing to treat his kidney condition. *See Henderson v. Ghosh*, 755 F. 3d 559, 566 (7th Cir. 2014). Thus, the Court finds that the legal and factual complexities of this case exceed his physical and mental capabilities and will recruit counsel to represent him. The motion for recruitment of counsel is granted. Counsel will be recruited by separate order.

### DISPOSITION

For the reasons stated above, the Clerk of Court is **DIRECTED** to **REOPEN THIS CASE**. The Court **VACATES** the Dismissal and Judgements Orders (Doc. 11, 12) and **GRANTS** the motion for leave to file an amended complaint (Doc. 13). The Clerk of Court is **DIRECTED** to file the proposed amended complaint submitted to the Court on June 8, 2022, as "First Amended Complaint."

The Motion for Recruitment of Counsel is **GRANTED**. (Doc. 16). Counsel will be recruited by separate order.

The First Amended Complaint survives preliminary review pursuant to Section 1915A.

**COUNT 1** will proceed against Larson and Isaacs and is **DISMISSED** without prejudice as to Morganthaler and Wexford.

The Clerk of Court **SHALL** prepare for Dr. Larson and Debbie Isaacs: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to each defendants' place of employment. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Hoerr, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants should respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Hoerr and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Hoerr is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 6, 2023**

_s/Stephen P. McGlynn_  
**STEPHEN P. MCGLYNN**  
**United States District Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.