IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES E. HOERR, JR.
#S10371,

        Plaintiff,

v.

DEBORAH J. ISAACS, and
DR. LARSON,

        Defendants.

Case No. 22-cv-00676-SPM

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a motion for summary judgment on the issue of exhaustion filed by Defendant Dr. Dennis Larson. (Doc. 46, 47).[1] Plaintiff has filed a response in opposition to the motion. (Doc. 49). For the following reasons, the motion is denied.

### BACKGROUND

Plaintiff Charles Hoerr, an inmate of the Illinois Department of Corrections who is currently incarcerated at Big Muddy Correctional Center ("Big Muddy"), initiated this action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights.[2] In the First Amended Complaint, Plaintiff alleges that in 2011 he was hospitalized for full renal failure caused by kidney stones. (*See* Doc. 18). Several years later, he began experiencing similar kidney symptoms and was seen by two different specialists in September and October of 2021. Both specialists informed Dr. Larson, who oversees the healthcare unit at Big Muddy, that Plaintiff needs surgery to remove

---

[1] Defendant Isaacs has moved to withdraw her affirmative defense of failure to exhaust administrative remedies. (Doc. 48). The motion is **GRANTED,** and the affirmative defense deemed withdrawn.
[2] Plaintiff commenced this action pro se, but he is now represented by court recruited counsel. (Doc. 17, 25).

Page 1 of 7

the kidney stones. As of initiating this lawsuit on April 6, 2022, Plaintiff has not received the surgery recommended by the specialists, and he continues to suffer from pain. (*Id.*). Following review of the First Amended Complaint pursuant to 28 U.S.C. §1915A, Plaintiff is proceeding with an Eighth Amendment deliberate indifference claim against Deborah Isaacs, the healthcare unit administrator, and Dr. Dennis Larson for denying and delaying medical treatment for his kidney condition. (Doc. 17).

On October 20, 2023, Larson filed a motion for summary judgment arguing that Plaintiff failed to exhaust his administrative remedies prior to initiating this lawsuit, and therefore, Plaintiff's claims against him should be dismissed. (Doc. 46, 47). Plaintiff opposes the motion. (Doc. 49).

## LEGAL STANDARDS

### I. Summary Judgment

"Summary judgment is proper if the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact such that the [movant is] entitled to judgment as a matter of law." *Wragg v. Vill. of Thornton*, 604 F.3d 464, 467 (7th Cir. 2010) (citing FED. R. CIV. P. 56(c)). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Any doubt about the existence of a genuine issue must be resolved in favor of the nonmoving party. *Lawrence v. Kenosha Cty.*, 391 F.3d 837, 841 (7th Cir. 2004).

### II. Exhaustion of Administrative Remedies

Lawsuits filed by inmates are governed by the provisions of the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(a). The PLRA states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law,

by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id*. The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (noting that "[t]his circuit has taken a strict compliance approach to exhaustion"). Exhaustion of available administrative remedies must occur before the suit is filed. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).

### III.     Grievance Procedure

As an inmate in the custody of IDOC, Plaintiff was required to follow the grievance procedures laid out in the Illinois Administrative Code ("grievance procedures"). 20 ILL. ADMIN. CODE § 504.800, *et seq*. Relevant to this case are the procedures pertaining to filing emergency grievances. In order to have a grievance addressed in an expedited manner, the inmate must forward the grievance directly to the Chief Administrative Officer ("CAO"), who may "[determine] that there is a substantial risk of imminent personal injury or other serious or irreparable harm to the offender" and thus, the grievance should be handled on an emergency basis. 20 ILL. ADMIN. CODE § 504.840(a). If the CAO determines the grievance should be handled on an emergency basis, then the CAO "shall expedite processing of the grievance and respond to the offender" indicating to him what action shall be taken. 20 ILL. ADMIN. CODE §504.840(b). If the CAO determines the grievances "should not be handled on an emergency basis, the offender shall be notified in writing that he or she may resubmit the grievance as non-emergent, in accordance with the standard grievance process." 20 ILL. ADMIN. CODE § 504.840(c). When an inmate appeals a grievance deemed by the CAO to be an emergency, "the Administrative Review Board shall expedite processing of the grievance." 20 ILL. ADMIN. CODE § 504.850(f).

ANALYSIS

There is one grievance at issue in this case, Grievance #36-12-21. (Doc. 47-2, p. 4). In the grievance, Plaintiff explains that he began having problems with his kidneys in September 2021 and was seen by a specialist. (*Id.*). He was diagnosed with kidney stones, and the specialist recommended that Plaintiff have surgery as soon as possible. (*Id.* at p. 5). In October, Plaintiff submitted three sick call requests because he was vomiting, he had severe back pain, and he was experiencing swelling in his wrists and fingers. Plaintiff also writes that at some point in October, he was seen by a second specialist who took x-rays, diagnosed Plaintiff with kidney stones, and recommended a surgical procedure in which the kidney stones are "exploded into smaller stones so that they could pass through." Plaintiff grieves that he did not see a nurse in response to his sick call requests until November 19, 2021, and the nurse only gave him Tylenol. Plaintiff complains that during the month of October he was so sick he had to stay in bed and could barely eat. He states that he feels better but is still sick and has been waiting two months for the recommended surgery. Plaintiff requests that the warden "make the medical team" schedule his surgery as soon as possible. (*Id.*).

Plaintiff marked Grievance #36-12-21 as an emergency, and it was received by staff on December 3, 2021. (Doc. 47-1, p. 4).[3] The CAO agreed that the emergency grievance should be expedited, and Grievance #36-12-21 was sent to the grievance office. (Doc. 47-2, p. 4). The Grievance Officer did not review the grievance for several months. On May 4, 2022, the Grievance Officer recommended that the grievance be deemed moot, and the CAO concurred in the finding. (*Id.* at p. 2). Plaintiff appealed the grievance to the Administrative Review Board ("ARB"), and

---

[3] Plaintiff writes two different dates on Grievance #36-12-21. The grievance is dated at the top as "november-19," and at the bottom next to Plaintiff's signature, Plaintiff recorded the date "11-28-21." (Doc. 47-2, p. 4). In the grievance, Plaintiff writes that he waited ten days before submitting the grievance. (*Id.* at p. 5).

the ARB found that Plaintiff was receiving medical attention and that medication had been prescribed. The ARB noted that treatment is at the discretion of the licensed medical provider. (Doc. 18, p. 17).

Defendant Larson does not dispute that Plaintiff properly filed Grievance #36-12-21 and followed each step of the grievance procedures as prescribed. Rather, Larson argues that this grievance cannot serve to exhaust Plaintiff's claims against him because the grievance does not contain sufficient detail regarding his involvement in the alleged delay or denial of medical care. (Doc. 47, p. 7) (citing *Bradley v. Jones,* No. 20-cv-139-DWD, 2021 WL 2186261 (S.D. Ill. May 28, 2021)). Larson points out that the grievance does not name him or describe wrongful conduct attributable to him or any other doctor at Big Muddy. In the grievance, Plaintiff details interactions with only nurses, and he requests relief from the warden regarding the medical team generally. The medical team at Big Muddy is composed of both administrative staff and practitioners, and Larson argues that the use of this phrase is too broad to give notice to prison officials that Plaintiff was dissatisfied with him or any doctor at Big Muddy. Based on the allegations in the grievance, Larson contends that no reasonable person would infer that Grievance #36-12-21 was intended to be a complaint regarding him. As such, the grievance could not have exhausted Plaintiff's administrative remedies as to the claims in the First Amended Complaint.

Plaintiff counters that Grievance #36-12-21 provided sufficient factual detail to alert prison officials of his problem and a chance to correct it, which is the purpose of the grievance system. (Doc. 49, p. 2) (citing *Jones v. Block,* 549 U.S. 199, 219 (2007)). At the time of writing the grievance, Plaintiff states that he did not know Larson's name and so he referred to the "medical team here" when requesting that his surgery be scheduled as soon as possible. Larson, as Plaintiff's doctor at Big Muddy, was part of the medical team at the time. Plaintiff argues he followed

grievance procedure by describing those involved, his medical team, and his issue of needing surgery scheduled for his kidney stones. (*Id.* at p. 2-3) (citing 20 ILL. ADMIN. CODE § 504.810(c); *Lewis v. Stout,* No. 18-cv-2209-MAB, 2020 WL 6271053, at *3 (S.D. Ill. Oct. 26, 2020)). Therefore, he exhausted his administrative remedies as to his claims against Larson, and the motion for summary judgment should be denied.

      The Court agrees with Plaintiff that Grievance #36-12-21 meets the content requirements of the grievance procedures and sufficiently put prison officials on notice regarding his issue that he had not received a surgical procedure recommended by two different specialists. Although, Plaintiff does not name Larson in his grievance, this omission is not "fatal to the issue of exhaustion." *See Arce v. Wexford Health Services*, No. 18-cv-1348-SMY-GCS, 2019 WL 6702692, at *5 (Oct. 9, 2019). The grievance process is not intended to provide individual notice to each defendant who might be sued later, and a grievance is not "per se inadequate simply because an individual later sued was not named in the grievances." *Jones,* 549 U.S. at 219. Here, Plaintiff provided enough information to alert officials that medical staff had not scheduled Plaintiff for needed surgery. Plaintiff did not know the identity of the individual who was responsible for delaying the surgery or why he had not been scheduled for surgery, and thus, "he should not be expected to name and/or provide any details about this person in his grievance." *Abuharba v. Lawrence,* No. 23-cv-01761-GCS, 2024 WL 3830326, at *4 (S.D. Ill. Aug. 15, 2024). Furthermore, according to the grievance response from the Grievance Officer, based on the medical record, it was determined that no surgery was "required at this time." (Doc. 47-2, p. 2). This response more than suggests that the decision was based on a medical judgment involving Plaintiff's treating physicians, not an administrative matter involving conflicting schedules or clerical oversight, indicating the possible involvement of Larson in the denial of the surgical

procedure. The response also demonstrates that based on the information provided in the grievance, prison officials were able to appropriately investigate and respond to Plaintiff's complaint involving the medical staff. His description of those involved as "medical team" was not too broad. Thus, construing the evidence in Plaintiff's favor, Grievance #36-12-21 served its necessary function, and the motion for summary judgment is denied. *See Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) (citing *Jones*, 549 U.S. at 219; *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013)).

## DISPOSITION

For the reasons stated above, the motion for summary judgment filed by Defendant Dennis Larson **DENIED**. (Doc. 46). The motion to withdraw affirmative defense filed by Defendant Deborah Isaacs is **GRANTED.** (Doc. 48).

The stay on merits discovery is **LIFTED**, and the parties can proceed with discovery on the merits. A new scheduling order will be entered by separate order.

**IT IS SO ORDERED.**

**DATED:** September 5, 2024

                                         *s/Stephen P. McGlynn*
                                         **STEPHEN P. MCGLYNN**
                                         **United States District Judge**